IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ANTHONY CHATMAN, )<br>)<br>    Defendant. ) | No. 4:20-CR-551 SEP |

**SENTENCING MEMORANDUM**

COMES NOW Defendant Anthony Chatman, through his attorney, Kevin B. Gau, Assistant Federal Public Defender, and requests this Court impose a sentence of twelve months and one day in the Bureau of Prisons. In support of that request, Mr. Chatman states the following:

1. Mr. Chatman has objected to the PSR assessment of a 4-level enhancement to the offense level, at ¶ 22 of the PSR, which the probation officer determined on the basis Mr. Chatman possessed the firearm in connection with the felony of possession of methamphetamine, as he had had an ecstasy pill in his sock when he was stopped. The Government defends the enhancement on the basis the case is nearly identical to the facts in *United States v. Holm*, 745 F.3d 938 (8th Cir. 2014), where the same enhancement was upheld. In *Holm*, the PSR recitation of facts indicated a warranted search of the defendant's home had yielded firearms, ammunition, and drug paraphernalia, and, thereafter, Holm was searched during a

traffic stop and found to be possessing a small amount of methamphetamine and a firearm. *Id.* at 941. His possession of methamphetamine would have resulted in a felony conviction in Iowa, where the arrest had occurred. *Id.* at 942. Apparently, no additional facts were elicited at sentencing. *Id.* at 940-41. The district court found the enhancement applied by a preponderance of evidence. *Id.* at 941. The district court's finding was not clear error because "when a drug user chooses to carry illegal drugs in out into the public with a firearm, an 'in connection finding' will rarely be clearly erroneous." *Id.* at 940-41 (quoting *United States v. Sneed*, 742 F.3d 341, 344 (8th Cir. 2014)).

2. *Holm* is apposite because no facts were elicited at sentencing showing the reason for the defendant's possession of the firearm, so it was not clearly erroneous to infer facilitation from mere simultaneous possession of the firearm and the methamphetamine. In contrast, here, Mr. Chatman has averred facts relating to circumstances of how the firearm entered his possession, and intends to present evidence proving these averments at sentencing. If his witness is believed, the Court could not logically infer Mr. Chatman possessed the firearm to facilitate his possession of the ecstasy pill in his sock, even though he possessed each object simultaneously for a short time.

3. What is more, no case stands for a bright-line rule that "in connection with" facilitation is *always* present if there is evidence of simultaneous possession of a firearm and a felonious amount of a controlled substance. It is often, *but not always*, the case that simultaneous possession permits a circumstantial inference of

2

facilitation.  The record must still reflect facts supporting such an inference in order to justify the enhancement.  For instance, in *United States v. Downey*, 672 Fed.Appx. 615 (Mem.) (8th Cir. 2016), an enhancement was upheld because the district court had not clearly erred in finding a preponderance of evidence supporting the "in connection with" finding: there was evidence the defendant matched the description of a robber, ran from police officers investigating a robbery, discarded a firearm while running, and was caught with two bags of suspected drugs in a cigarette pack.  *Id.* at 616.  The district court had not clearly erred because this was sufficient evidence showing "emboldening, and therefore facilitating" the choice to go into public with illegal drugs.  *Id.* at 617.  Here, however, Mr. Chatman has averred he did not obtain the firearm when he went into public with the ecstasy in his sock, but had been given the firearm by his girlfriend to hold it while she used a gas station ATM, and had not handed it back to her when they were pulled over a short time later.  His fleeting possession of the firearm did not, *post facto*, embolden his earlier choice to place his ecstasy pill in his sock.

    4. Mr. Chatman's averments, if true, aligns his case more closely with the analysis in *United States v. Walker*, 900 F.3d 995 (8th Cir. 2018), where the district court was found to have erred in applying a 4-level enhancement.  In *Walker*, the record revealed the "government offered no evidence to link the cocaine inside the car to the shotgun in the trunk," and further that the trunk had been locked and there had been no evidence presenting that Walker (who had been driving), and not his passenger, had possessed the cocaine.  *Id.* at 997.  In overruling the district

3

court, the Eighth Circuit noted that the temporal and spacial nexus between the drugs and firearm was not enough to show facilitation given these facts. *Id.* The Eighth Circuit then underscored the Government's burden:

> The government bears the burden of proving facts to support a § 2K2.1(b)(6)(B) enhancement; the defendant need not introduce evidence to show the enhancement does not apply to him. *See United States v. Razo-Guerra*, 534 F.3d 970, 975 (8th Cir. 2008). The government's argument also misunderstands its burden of proof. A § 2K2.1(b)(6)(B) enhancement is improper when the government's only evidence is a generalized connection between a gun and a user quantity of drugs. Instead, this Guidelines provision requires evidence to show the firearm at issue facilitated, or had the potential to facilitate, the felony possession of drugs. In this regard, the government failed to meet its burden.

*Walker*, 900 F.3d at 998.  In the present case, if Mr. Chatman's witness is believed, the Government will be unable to meet its burden despite the spacial and temporal nexus.  Mr. Chatman's evidence will demonstrate the reason for his possession of the firearm was distinctly unrelated to his possession of the ecstasy pill in his sock.

5.   As argued in his objections, because the 4-level enhancement should not apply, the total offense level of Mr. Chatman's conviction should be 12, not 15, which, with a criminal history category of III, would produce a guideline range of 15 – 21 months.

6.   A further three-month downward variance from the 15 – 21 month range is also justified.  Despite Mr. Chatman's limited formal education, he has been gainfully employed in recent years until his arrest in this case as a full time cook at P.F. Chang's, Cheesecake Factory, and McAlister's Deli restaurants (PSR ¶¶ 72, 73, 74, 101).  In addition, Mr. Chatman is responsible for helping raise two

teenage children who will benefit from him release and return to gainful employment as a cook (PSR ¶ 57).  These factors reflect a laudable aspect of Mr. Chatman's character, namely, that in recent years he has been committed to full-time work and to trying to assist his family's needs.  Furthermore, until this case Mr. Chatman has never served a custodial sentence of more than 90 days (PSR ¶ 101).  In contrast, he has been in federal custody for his conduct since at least October 15, 2020, almost nine months as of sentencing and about three times longer than any punishment he has served before.  Given this difference, a twelve month and one day sentence will adequately reflect the seriousness of the offense, promote respect for law, and provide for Mr. Chatman's just punishment.  Such a sentence will also deter similar criminal conduct, protect the public from any further criminal conduct from Mr. Chatman.  A twelve month and one year sentence followed by an appropriate term of supervised release will help ensure that Mr. Chatman will receive such educational and vocational training he may need to thrive.

      WHEREFORE, Counsel requests that this Court sentence Mr. Chatman to a sentence of twelve months and one day in the Bureau of Prisons.

Respectfully submitted,

/s/ *Kevin B. Gau*
KEVIN B. GAU, #51595MO
Assistant Federal Public Defender
1010 Market Street, Suite 200
St. Louis, Missouri 63101
Telephone: (314) 241-1255
Fax: (314) 421-3177
E-mail: Kevin_Gau @fd.org

5

ATTORNEY FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Joshua Jones, Assistant United States Attorney.

/s/*Kevin B. Gau*
KEVIN B. GAU
Assistant Federal Public Defender